IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHONTA ODUNZE,<br>    *Plaintiff*,<br><br>v.<br><br>THE METHODIST HOSPITAL,<br>    *Defendant*. | Civil Action No. 4:23-cv-03578<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF SHONTE ODUNZE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Shonta Odunze ("Plaintiff" or "Odunze") now moves for partial summary judgment as to certain defenses and affirmative defenses alleged by Defendant The Methodist Hospital ("Defendant" or "Houston Methodist"), including its sixth defense (concerning agents acting within the scope of employment) and its seventh defense (alleged failure to mitigate damages).[1]

### I.    STATEMENT OF ISSUES

Whether the lack of evidence to support certain defenses brought by Defendant Houston Methodist, including the allegation that their agents were not acting within the scope of employment and the allegation that Plaintiff failed to mitigate her damages, entitles Plaintiff Shonta Odunze to judgment as a matter of law on those defenses.

---

[1] Houston Methodist waived its defense that Plaintiff failed to exhaust her administrative remedies with the EEOC along with the after-acquired evidence doctrine affirmative defense and the blanket allegation that Plaintiff's lawsuit is frivolous. *See* Dkt. 24. Thus, the Court should dismiss these three defenses in addition to Defendant's sixth and seventh defense in its answer.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS[2]

1. Odunze was hired at Houston Methodist on January 18, 2021, as a benefits specialist. Dkt. 1 ("Complaint"), ¶¶7-8; Dkt. 8 ("Answer"), ¶¶ 7-8.

2. Odunze was terminated by Holly Smoot, who is in a supervisory capacity. Exhibit 1 ("Rule 30(b)(6) Depo"), 51:20-25, 52:1-4, 52:8-18.

3. Holly Smoot was acting within the scope of her employment when she fired Odunze. *Id.*

4. Holly Smoot worked for Houston Methodist in a supervisory capacity. *Id.*

5. Holly Smoot sought advice from Houston Methodist's human resources to terminate Odunze because everyone is required to. Exhibit 2 ("Holly Smoot Depo"), 20:3-5, 20:8-10.

6. On December 13, 2021, Odunze was informed that she was being terminated from Houston Methodist with an effective date of December 15, 2021. Complaint, ¶ 27; Answer, ¶ 27.

7. On February 14, 2022, Odunze began employment elsewhere in a similar position as a benefits coordinator. Exhibit 3 ("Odunze Depo"), 12:5-12.

8. Houston Methodist's corporate representative admitted that she was not sure of any factual basis for alleging that Plaintiff failed to mitigate her damages. Rule 30(b)(6) Depo, 53:3-25, 54:1-8.

## III.   STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the

---

[2] Since Houston Methodist has filed a ritualistic motion for summary judgment (Dkt. 25) with a misleading fact section that Plaintiff will respond to when addressing her claims of discrimination and retaliation under Title VII, 42 USC § 1981, the ADEA, and the FMLA.  This motion's statement of undisputed material facts section focuses solely on the few material facts related to the two defenses Plaintiff moves to dismiss on partial summary judgment here. Plaintiff will incorporate and adopt any facts mentioned in her response in opposition to Defendant's motion for summary judgment.

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020); *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). The party seeking summary judgment bear the initial burden of informing the court of the basis for their motions and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021); *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 416-17 (5th Cir. 2021).

### IV.   ARGUMENT

**A. The Court Should Grant Summary Judgment as to Defendant's Defense that Holly Smoot was Not Acting Within the Scope of Her Employment.**

In Houston Methodist's answer, it pleads as its sixth defense, "Houston Methodist denies that any of its employees or agents engaged in any wrongdoing that might have resulted in injury to Plaintiff. However, even if such conduct did occur, said employees were not acting within the course and scope of their employment, and therefore, were not agents of Houston Methodist." Answer, ¶ 83. "[T]he courts have consistently held employers liable for the discriminatory discharges of employees by supervisory personnel, whether or not the employer knew, should have known, or approved of the supervisor's actions." *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 70–71, 106 S. Ct. 2399, 2407, 91 L. Ed. 2d 49 (1986). "[A] tangible employment action taken by the supervisor becomes for Title VII purposes the act of the employer." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 762, 118 S. Ct. 2257, 2269 (1998).

In this case, Holly Smoot, in her supervisory capacity acting within the scope of her employment, terminated Odunze after consulting with Houston Methodist's human resources.

3

Rule 30(b)(6) Depo, 51:20-25, 52:1-4, 52:8-18; Holly Smoot Depo, 20:3-5, 20:8-10. These simple, undisputed facts, admitted by Houston Methodist's corporate representative, mean the Court should dismiss Defendant's sixth defense.

### B. The Court Should Grant Summary Judgment as to the Failure to Mitigate Defense

In Houston Methodist's answer, it pleads as its seventh defense, "Plaintiff may not recover damages as she failed to exercise reasonable efforts to mitigate her damages." Answer, ¶ 84. However, Defendant cannot meet its evidentiary burden to establish this affirmative defense.

> A plaintiff suing under Title VII has a duty to mitigate her damages by using reasonable diligence to obtain substantially equivalent employment. *Migis v. Pearle Vision Inc.,* 135 F.3d 1041, 1045 (5th Cir.1998). The employer has the burden of proving a failure to mitigate, and may do so by demonstrating that substantially equivalent work was available **and** [emphasis added] that the plaintiff did not exercise reasonable diligence to obtain it. *See Sellers v. Delgado College,* 902 F.2d 1189, 1193 (5th Cir.1990); *see also Huffman v. City of Conroe, Tex.,* No. H–07–1964, 2009 WL 361413, *14 (S.D. Tex. Feb. 11, 2009). "Substantially equivalent employment" is that "employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated." *Sellers,* 902 F.2d at 1193. The point of comparison "must be the employment position with respect to which discrimination occurred." *Boehms v. Crowell,* 139 F.3d 452, 461 (5th Cir. 1998). The reasonableness of a Title VII claimant's diligence "should be evaluated in light of the individual characteristics of the claimant and the job market." *Sellers,* 902 F.2d at 1193.

*Buckingham v. Booz Allen Hamilton, Inc.*, 64 F. Supp. 3d 981, 984 (S.D. Tex. 2014). In this case, Houston Methodist has not provided any evidence or stated with any particularity how Odunze's level of reasonableness—through an analysis of individual characteristics and the job market—falls below a standard of reasonable diligence. Moreover, Houston Methodist has not and cannot identify the available jobs that Odunze could have discovered at a desired time earlier than two months. Therefore, the Court should grant summary judgment on this untimely affirmative defense because Defendant cannot meet its burden under both prongs of the analysis.

## CONCLUSION

For all of the foregoing reasons, the Court should grant summary judgment on Houston Methodist's sixth and seventh defense along with any other abandoned or waived defenses.

Date:   April 30, 2025

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
Fed. Bar No. 3065092
Texas Bar No. 24103965
5718 Westheimer Road, Suite 1000
Houston, Texas 77057
Telephone:   (713) 400-6173
Facsimile:   (713) 583-8380
Email:   connor@throckmortonlaw.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April 2025, I served a copy of the foregoing via CM/ECF upon all counsel of record.

*/s/Connor Throckmorton*
Connor Throckmorton